UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

RENEE COATS and JUDY PACK, )
)
    Plaintiffs, )
)
vs. )   CV95-S-2931-NE
)
SPENACO, Inc., HAROLD SPENCER, )
and VERNON POWERS, )
)
    Defendant. )

**ENTERED**
**JUN 27 1997**

MEMORANDUM OPINION

    This action was filed by plaintiff Renee Coats on November 15, 1995. She alleged defendants subjected her to sexual harassment, discrimination on the basis of gender, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq. Renee Coats also pled pendent state law claims against all defendants for assault and battery, invasion of privacy, intentional infliction of emotional harm, and against defendants Spenaco and Harold Spencer for negligence. On January 29, 1996, Renee Coats amended her complaint to add her sister-in-law, Judy Pack, as a plaintiff. Judy Pack alleges she was terminated "for her association with and relation to plaintiff Renee Coats." (Amended Complaint, ¶ 43.) Thus, Judy Pack presents a Title VII retaliation claim against all defendants.

    On October 25, 1996, plaintiff Renee Coats moved to dismiss her state law claims without prejudice "in an abundance of caution," because defendant Spenaco "revealed [its] intention to claim that [it] employs less than the statutory minimum of fifteen individuals." (Plaintiff Coats' Motion to Dismiss State Law

Claims, ¶ 4.) Plaintiff Coats stated she intended to refile her state law claims in the Circuit Court for Limestone County, Alabama, to avoid the bar of the applicable statute of limitations, in the event this court ultimately dismissed her Title VII claims and declined to exercise supplemental jurisdiction over her pendent state law claims.[1] Coats claimed the statute of limitations for her state law claims ran "on or around November 22, 1996." (Id., ¶ 6.)

On October 28, 1996, Southern Guaranty Insurance Company ("Southern Guaranty") moved to intervene "in order to submit special interrogatories and/or verdict forms to the jury to determine the specific grounds or findings implicit in any verdict rendered in favor of the Plaintiffs." (Motion to Intervene, ¶ 6.)

This court granted both plaintiff Renee Coats' motion to dismiss her state law claims and Southern Guaranty's motion to intervene by order entered November 6, 1996. On December 12, 1996, however, Southern Guaranty moved to dismiss itself, because plaintiff Coats' dismissal of her state law claims "render[ed] intervention unnecessary." (Notice of Withdraw, at 1.) That motion was granted.

---

[1] Plaintiff Renee Coats' "abundance of caution" was unnecessary. If Renee Coats' Title VII claims were dismissed, and this court declined to exercise supplemental jurisdiction, then her claims would have been dismissed pursuant to 28 U.S.C. § 1367(c). That section provides for the tolling of pendent state law claims "while the claim is pending [in a federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Thus, as long as Coats refilled her state law claims in state court within 30 days of the dismissal of her claims by this court, she would have avoided the statute of limitations.

2

This action presently is before the court on: plaintiff Renee Coats' motion to reinstate her state law claims against defendant Spenaco, Inc. ("Spenaco"); defendant Harold Spencer's motion for partial summary judgment; and defendant Spenaco's motion for partial summary judgment. Upon consideration of the motions, briefs, evidentiary submissions, and pleadings, this court concludes all motions are due to be granted. This court also determines *sua sponte* that all claims against defendant Vernon Powers are due to be dismissed.

## II. MOTION TO REINSTATE STATE LAW CLAIMS

Plaintiff Renee Coats moves to reinstate her state law claims against defendant Spenaco only. (Plaintiff Coats' motion to Reinstate State Law Claims, at 1.) Spenaco does not oppose the motion. (Spenaco's Response to Plaintiff Coats' Motion to Reinstate State Law Claims, at 1.) Therefore, the motion is due to be granted, and plaintiff's state law claims reinstated against defendant Spenaco, but not against the individual defendants, Harold Spencer and Vernon Powers.

## III. INDIVIDUAL DEFENDANTS

Plaintiff Renee Coats has not moved to reinstate her state law claims against the individual defendants, Harold Spencer and Vernon Powers. Plaintiff Judy Pack only alleges a Title VII retaliation claim against those same persons. Thus, plaintiffs' claims against defendants Spencer and Powers are based on Title VII alone. The Eleventh Circuit clearly holds that Title VII liability attaches only to the employer, not employees in their individual capacity.

3

*Edwards v. Wallace Community College*, 49 F.3d 1517, 1520 n.3 (11th Cir. 1995). Supervisory employees, although agents of the employer, are not "employers" under Title VII. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Accordingly, all claims presented against defendants Harold Spencer and Vernon Powers are due to be dismissed.

### IV.  PLAINTIFF COATS' *QUID PRO QUO* CLAIM

Courts recognize two forms of sexual harassment: *quid pro quo* sexual harassment; and, hostile work environment sexual harassment. *Quid pro quo* sexual harassment occurs when an employer alters an employee's job conditions as a result of the employee's refusal to submit to sexual demands. *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1315 (11th Cir. 1989), *reh'g denied*, 874 F.2d 821 (11th Cir. 1989). Hostile work environment sexual harassment occurs when an employer's conduct "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive environment." *Steele*, 867 F.2d at 1315. Plaintiff Renee Coats alleged she was subjected to both forms of harassment. Defendant Spenaco moves to dismiss her *quid pro quo* claim.

Plaintiff Coats alleges the following conduct by her supervisor, defendant Vernon Powers, in relation to her sexual harassment claims:

    a.    Powers invited the plaintiff to accompany him and another man who worked with plaintiff to a motel to make a "dirty movie."

4

    b.    When the plaintiff asked Powers to turn down the heat because the building was too hot, Powers told her to take her clothes off if she was too hot.

    c.    Powers commented on more than one occasion that the plaintiff did not need to lose any weight because she was a "big-butted" woman and he liked "big-butted" women. Powers also told the plaintiff that big-butted women usually had big breasts, and he asked the plaintiff if her breasts were real.

    d.    On several occasions, Powers told the plaintiff and other workers about his sex life with his wife, giving detailed descriptions of his and his wife's anatomy.

    e.    Powers rubbed and/or pinched the plaintiff on her bottom and pinched at least one other female employee's breast.

    f.    Powers told the plaintiff to pull up her shirt and show him "what she had."

(Plaintiffs' Amended Complaint, ¶ 12.) Coats claims she complained about Powers' conduct to defendant Harold Spencer, the owner of Spenaco, but no remedial action was taken. Further, Coats alleges that: Powers terminated a female co-worker, because she complained about his harassment to Harold Spencer (Plaintiffs' Amended Complaint, ¶ 16); and, when Coats confronted Powers about his actions, "Powers gave Coats a choice between quitting or being fired. Faced with this choice, the plaintiff resigned." (*Id.*, ¶ 18.)

Those facts, considered in the light most favorable to Renee Coats, establish claims for hostile work environment sexual harassment and retaliation. Such allegations, however, are insufficient to establish a *quid pro quo* claim.

"*Quid pro quo* sexual harassment occurs when an employer changes an employee's conditions of employment because of ...

5

<u>refusal to submit to sexual demands</u>." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1362 (11th Cir. 1994)(emphasis added)(citing *Steele*, 867 F.2d at 1315). Coats has alleged (and presented evidence of) only one act by Vernon Powers that could be construed as a "sexual demand": the invitation to participate in the making of a "dirty movie." Yet, Coats failed to present any evidence that her refusal to accept that invitation caused a change in her employment conditions. Accordingly, plaintiff Coats' *quid pro quo* claim is due to be dismissed.

## V. PLAINTIFF PACK'S CLAIMS

Plaintiff Judy Pack alleges a Title VII retaliation claim against all defendants. Before instituting a Title VII suit, a private plaintiff must file an EEOC complaint against the discriminating party within 180 days of the alleged discrimination, and, must receive statutory notice of the right to sue the respondent named in the charge.[2] *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). Judy Pack has not filed a charge of discrimination with the EEOC. Spenaco therefore argues her claim must be dismissed. In response, Pack first points to an exception to the general rule that a charge of discrimination must be filed with the EEOC before a claim can be presented in federal court.

> [T]he allegations in a judicial complaint ... "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before

---

[2] The conditions precedent to a Title VII action are generally found in 42 U.S.C. § 2000e-5.

6

>    the Commission." ... [King v. Georgia Power Co., 295 F.
>    Supp. 943, 947 (N.D. Ga. 1968)]. In other words, the
>    "scope" of the judicial complaint is limited to the
>    "scope" of the EEOC investigation which can reasonably be
>    expected to grow out of the charge of discrimination.

Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).[3] Pack argues that her retaliation claim is "like or related" to the allegations in the EEOC charge filed by her sister-in-law, Renee Coats.

This court is not persuaded by that argument. As noted in Sanchez, the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation. Id. at 466. Judy Pack was terminated on November 20, 1995. By that date, the EEOC had completed its investigation, issued Renee Coats a right to sue letter, and this suit had commenced.[4] Thus, Pack's retaliation claim did not arise "during the pendency of the case before the Commission," King, 295 F.Supp. at 947, and therefore was beyond the scope of the Commission's investigation.

Alternatively, Pack points to Eleventh Circuit cases holding that retaliation claims are distinctive from other forms of discrimination because, by their nature, retaliation claims arise after the filing of an EEOC charge.

>    [I]t is unnecessary for a plaintiff to exhaust
>    administrative remedies prior to urging a retaliation
>    claim growing out of an earlier charge; the district
>    court has ancillary jurisdiction to hear such a claim

---

[3] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] The complaint in this action was filed on November 15, 1996.

7

> when it grows out of an administrative charge that is properly before the court.
>
> There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case -- a double filing that would serve no purpose except to create additional procedural technicalities....

*Baker v. Buckeye Cellulose Corporation*, 856 F.2d 167, 168 (11th Cir. 1988)(quoting *Gupta v. East Texas State Univ.*, 654 F.2d 411, 411 (5th Cir. 1981)).

Pack cites *Gottlieb v. Tulane University of Louisiana*, 809 F.2d 278, 284 (5th Cir. 1987), and *Carter v. South Central Bell*, 912 F.2d 832, 841 (5th Cir. 1990), *cert. denied*, 501 U.S. 1260, 111 S.Ct. 2916, 15 L.Ed.2d 1079 (1991), for the proposition that she does not have to file an EEOC charge for her retaliation claim. Those cases apply the same reasoning as that stated above from *Baker*. Yet, there is a critical distinction between the facts surrounding Pack's retaliation claim and the retaliation claims in *Baker*, *Gottlieb*, and *Carter*. As defendant Spenaco correctly notes:

> In Gottlieb[, Baker,] and Carter ... the Court held that a plaintiff's retaliation claim related back to his/her own previously filed EEOC charge. In [those] cases, the plaintiff alleged ... he/she ... had suffered Title VII violations, and upon pursuing legal remedies of these violations, were retaliated against by his/her employer. The Court held in [those] cases that the claimant could relate the retaliation claim back to his/her own previously filed EEOC charge. These cases did *not* hold that one plaintiff's retaliation claim related back to another plaintiff's previously filed EEOC charge.

(Defendant Spenaco's Reply Brief, at 4 (emphasis in original).) Thus, under the authority cited above, this court has ancillary

8

jurisdiction to hear a retaliation claim brought by Renee Coats, the person who originally filed the charge of discrimination, but those cases say nothing about the ability of this court to obtain ancillary jurisdiction over a retaliation claim brought by a third party. Accordingly, plaintiff Pack's retaliation claim is due to be dismissed.

## VI. CONCLUSION

For the foregoing reasons, all motions are due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 27th day of June, 1997.

_____
United States District Judge

9